### STATE v. WILLIAMS.

Circuit Court, Marion County, Criminal Appeal.

July 18, 1956.

W. Robert Smith, Ocala, for appellant.

A. P. Buie, Ocala, State Attorney, for appellee.

T. G. FUTCH, Circuit Judge.

This is an appeal from the county judge's court in and for Marion County wherein the appellant was convicted under a charge that he "did sell, give, serve or did permit to be served in a place holding a license under the State Beverage Department of Florida alcoholic beverages between the hours of midnight and seven o'clock A.M. of the following day;"

The offense is charged to have been committed on the first day of January, 1956.

The statutes of Florida define two separate and distinct kinds of beverages which contain alcohol. We have one definition in the statute for alcoholic beverages which includes all beverages having an alcoholic content. We have another definition defining "intoxicating beverages."

We have two statutory provisions on the hour of sale by individuals holding licenses under the State Beverage Department for the sale of alcoholic beverages.

The first statute passed by the legislature following the repeal of the 18th amendment to the federal constitution carried only a provision prohibiting the sale of intoxicating beverages on Sunday, i.e., between 12 o'clock midnight Saturday night and the early morning hours of the Monday following—which, of course, included Sunday. The law so remained for several years. In the meantime the legislature has by several acts amended the law relative to hours of sale which have become section 562.14, Florida Statutes 1953. Paragraph (1) of the above numbered section regulates the hours of sale on what are commonly referred to as weekdays, that is to say, the days intervening between one Sunday and the next. This paragraph of the law includes *all* alcoholic beverages, both intoxicating and non-intoxicating, as defined by the statutes.

Paragraph (2) of the above numbered section regulates the sale on Sunday, that is, between 12 o'clock midnight Saturday and 7 o'clock A.M. Monday, and prohibits the sale of *intoxicating beverages only*. This was the first statute fixing hours of sale.

We have, therefore, the anomalous situation of permitting certain alcoholic beverages to be sold on Sunday that cannot be sold during prohibited hours during the weekdays.

The charge upon which this defendant was tried charges him with making the alleged unlawful sale on the first day of January, 1956, which, of course, was New Year's Day, and as everybody knows and this court is bound to take judicial notice, New Year's Day of the year 1956 was Sunday, January 1st.

The law under which the state charged the defendant is not applicable to sales on Sunday.

A careful examination of the testimony leads this court to the inescapable conclusion that the evidence was legally insufficient to sustain a conviction under either the provision relating to sales of intoxicating beverages on Sunday or the provision relating to

the sale of alcoholic beverages during the weekdays, had either of the charges been made against the defendant.

Appropriate order and judgment reversing the judgment of the court below with directions to set aside the verdict of the jury and to dismiss the case will be entered.